Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARY E. DAVIS, Respondent, for Compensation under the Workmen's Compensation Law for the Death of Her Husband, CHARLES E. DAVIS, v. LAWRENCE S. BUTLER, Uninsured Alleged Employer, Appellant.

Third Department, November 18, 1920.

Workmen's Compensation Law — proceedings against painter who hired deceased and also against owner of house — when appearance of owner in proceedings does not authorize award against him — proceedings opened because owner denied opportunity to present case.

Where it appeared that the claimant's husband was employed by a painter to assist him in painting the house of the defendant; that a claim was filed against the defendant more than one year from the date of the accident; that proceedings were also instituted against the painter, and that the only notice of hearing which the defendant had was in those proceedings, his appearance therein and failure to raise the question as to the time of filing a claim against himself did not justify an award against him in proceedings instituted and apparently carried on against the painter.

The application of the defendant to. open the proceedings on the ground that he had never been notified that they were being had against himself, and, therefore, that he had been denied an opportunity to present his case, should have been granted.

JOHN M. KELLOGG, P. J., dissents, with opinion.

APPEAL by the defendant, Lawrence S. Butler, from an award of the State Industrial Commission, made on the 5th day of January, 1920.

*McKinstry, Taylor & Patterson* [*Martin Taylor* and *Ralph B. Romaine* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

This award was made for the death of one Charles E. Davis against one Lawrence S. Butler as his employer. Butler was a householder who employed one Charles Hess to paint his house. Hess hired Davis to assist him. Davis fell from a

ladder while painting the house, and died as a result of his fall. The Industrial Commission determined that Davis was employed by Butler rather than by Hess. It is now claimed that these proceedings were laid against Hess to the exclusion of Butler, and that accordingly the Commission had no right to make the award which it did.

The widow filed a claim, naming *Lawrence S. Butler* as the employer, which was apparently dated the 17th day of July, 1918, and was apparently verified on the 16th day of July, 1919. The claim states that the death of her husband occurred on the 26th day of May, 1918, as a result of injuries sustained on the 20th day of May, 1918, or more than one year prior to the time when the claim must have been filed. In this respect the claim was corroborated by an affidavit of the undertaker who prepared the body of the deceased for burial, and a report of his attending physician. In addition to the claim against Butler another claim entitled " Employee's Claim for Compensation " appears in the record. This claim states that the date of the accident was May 20, 1919, and gives the " name of employer " as " *Charles Hess.*" Curiously enough the claim seems to have been dated and verified on the 26th day of January, 1920, or more than two weeks after the award, from which the appeal is taken, was made. However, the fact that the Hess claim comes to us as a part of the record upon appeal, and the fact that the hearing had upon this matter was entitled " Charles E. Davis, Claimant, against *Charles Hess*, Employer," indicate that, in spite of the dates appended thereto, the Hess claim was on file prior to any proceeding which was had in the matter. Apparently, therefore, there were two claims filed for the death of Davis, the *first one against Lawrence S. Butler*, and the *second one against Charles Hess*. However, even if this inference is not justifiable Butler may well have assumed that a claim against Hess had been filed from the fact that the only notice of hearing served read as follows: " To Mrs. Mary E. Davis, Claimant, Stony Brook, N. Y.; Box No. 9; *Charles Hess, Employer*, St. James, L. I. Insurer, none; Ernest Osborne, Atty., 71 Broadway, City. You are hereby notified that this claim will be heard on Thursday Oct. 9, 1919, Room 1900a, at 9:30 A. M. at No. 230 Fifth Avenue, New York." On October 9, 1919, the day specified in the

notice, a hearing was had before Commissioner Sayer, the minutes of the proceedings in which were, as before mentioned, entitled " Charles E. Davis, Claimant, against Charles Hess, Employer." The minutes show that there were present Charles Hess, Mrs. Davis and Lawrence S. Butler, and that an attorney appeared for Hess, but no attorney appeared for Butler. In the course of the proceedings Commissioner Sayer turned to Osborne, who was named in the notice and was an agent for Butler, and said: " Is Mr. Butler represented? " To which Osborne replied: " I do not represent him. I am not an attorney. I look after a great deal of the affairs of Mr. Butler. Mr. Butler is not represented here. Mr. Butler is here himself. This is Mr. Butler." Thereupon Commissioner Sayer said: " Suppose you take the stand, Mr. Butler, in regard to your knowledge of the situation." Butler then took the stand and gave testimony. Not once during this hearing was it intimated to Butler by the Commissioner or any other person either directly or indirectly that any effort was then being made to charge him with liability, or that the claim being tried was any other than a claim against Charles Hess as indicated by the notice of the hearing and the heading which the minutes of the hearing bore. Thereafter, in January, 1920, Commissioner Sayer made an award, not against Charles . Hess, but against Lawrence Butler. In an opinion then handed down by him he stated that the claim against Butler was not filed within a year after the death of the deceased, but that Butler could not take advantage of the bar of the statute, which otherwise would outlaw it, by reason of his neglect to raise that objection at the time the hearing was held. Thereafter an application was made by Butler to open the proceedings on the ground that he had never been notified that they were being had against himself, and, therefore, that he had been denied an opportunity to present his case. It seems to me that this application should have been granted, and that the refusal to grant it, as well as the award previously made against Butler was nothing less than a denial of justice. When Butler was notified through the notice addressed to his agent Osborne that a hearing would be had, he was advised thereby that the claim to be heard was the *claim made against Charles Hess*. When he

attended at the hearing he was present there not as a party, but either as a witness under a subpœna or out of curiosity as a spectator. When he took the stand as a witness he did so, not to defend himself, but under the command of the Commissioner who presided. He was at all times unattended by any attorney who could advise him of the danger which impended in this quasi court which knows no rules. He could have had no conception that a trial was being conducted against himself. The deduction that Butler waived the bar of the statute by not raising it, when through a fault of the Commission no attorney was present to advise him so to do, and there was nothing to indicate that he was being charged as a party, is a feat in reasoning which my mind lacks the agility to follow. I favor a reversal of this award and the granting of a new trial to give to Lawrence S. Butler his day in court.

The award should be reversed and the claim remitted to the Industrial Commission.

All concur, except JOHN M. KELLOGG, P. J., dissenting, with an opinion.

JOHN M. KELLOGG, P. J. (dissenting):

The award was made January 5, 1920, and was made in death case No. 228,343. At the time it was made apparently there had been no claim filed against Hess, as the claim made against him was dated the 26th day of January, 1920, and was sworn to before the notary upon that date. It has no number. The correspondence between the Commission and Butler gave the number of the claim against him. After the claim was filed the Commission wrote Butler for a statement of the facts. Osborne, as his attorney, answered the letter, saying that Hess was the employer and not Butler, and thereafter communications with reference to the claim so far as Butler was concerned, were between the Commission and Osborne, his attorney. On September third, in a letter from the Commission stating that Butler was the employer and giving the number of the claim, Osborne was informed that Hess denied liability and claimed to be a co-employee of the deceased and continued: " A very serious question arises as

to whether Mr. Butler or Mr. Hess was the employer of the above named deceased," and asked him for further information, which was given, giving the case as Davis against Butler. After he had informed the Commission that Hess and not himself was the employer, the notice of hearing described Hess as the employer, but below his name follows the name of Ernest B. Osborne, attorney. Osborne was not the attorney of Hess, but the attorney, in fact, of Butler. The minutes of the hearing mention Hess as the employer, and the number of the claim is the number of the claim against Butler. The stenographer's minutes at the hearing for the first time named Hess as the employer, and that Hess appeared by an attorney, and that Butler was present. He was not present as a witness, and when it appeared that Butler was the employer and not Hess, the Commission asked if Butler was present. Mr. Osborne, his attorney, replied: " I do not represent him. I am not an attorney. I look after a great deal of the affairs of Mr. Butler. Mr. Butler is not represented here. Mr. Butler is here himself. This is Mr. Butler." The Commissioner says: " Suppose you take the stand, Mr. Butler, in regard to your knowledge of the situation." Mr. Butler was then sworn in full. Apparently the record indicates that after the award was made, in some way a claim was put into the record as against Hess. But, as we have seen, it was made and verified after the award. If that is so there never was any legal proceeding against Hess. The proceeding was informal as to him. Butler evidently considered himself interested and gave his side of the case and was represented upon the hearing by his attorney. He gave a false scent, and in that way complicated the situation, but he is not prejudiced by this award, from the fact that he knew what was going on, had his day in court and was fully heard. I favor an affirmance.

Award reversed and claim remitted to the Commission.